Kaplan, J

EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy
Julie L. Sauer
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@eapdlaw.com
jsauer@eapdlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
                                      :
PHYLLIS DEMBO,                        :
                                      :
              Plaintiff,              :
                                      :    10 Civ. 2716 (LAK) (THK)
       -against-                      :
                                      :    **CONFIDENTIALITY**
MOUNT SINAI HOSPITAL and CLAUDIA      :    **STIPULATION & ORDER**
COLGAN, individually,                 :
                                      :
              Defendants.             :
                                      :
------------------------------------- X

      WHEREAS, Plaintiff Phyllis Dembo ("Plaintiff") and Defendants The Mount Sinai Hospital and Claudia Colgan ("Defendants") (collectively, the "Parties") are presently engaged in discovery; and

      WHEREAS, some information sought by the Parties or contained in documents sought by the Parties is considered to be of a confidential and/or proprietary nature; and

      WHEREAS, the purpose of this Stipulation is to permit the Parties' counsel to discover such information and documents pursuant to procedures that are designed to protect the confidentiality of that material;

      IT IS HEREBY STIPULATED as follows:

ELECTRONICALLY FILED
1/13/11

1. "Confidential information" as used herein means any type or classification of information which is designated as "confidential" by Defendants, whether it be a document, information contained in a document, electronically memorialized information, information revealed during a deposition, information contained in an interrogatory answer, or any other form of information. The Defendants, and the Defendants' counsel, shall designate as "confidential" only information that Defendants produce in discovery or introduces into evidence in this action.

2. Information designated as "confidential information" (a) shall be used by Plaintiff only for the purpose of this litigation and not used for any other purposes whatsoever; and (b) shall not be disclosed, given, shown, discussed, or otherwise communicated or made available by Plaintiff to anyone except as provided herein.

3. In accordance with the provisions of paragraph 4 below, confidential information may be disclosed by Plaintiff's counsel only to "qualified persons" who shall read this Stipulation and who shall agree to maintain said information in confidence and not disclose, discuss, or reveal such information to anyone else. "Qualified persons" means (a) any member of or attorney, legal assistant, secretary, or clerk employed by Sack & Sack, Esqs., who has been assigned to this litigation; (b) any expert employed or retained by the parties or their attorneys solely for the purpose of assisting such attorneys in the preparation of this action for trial; (c) the parties (and any corporate successor or affiliate) to this action; and (d) any judge who may assume jurisdiction in this action and any attorney, legal assistant, secretary, or clerk employed in the chambers of such judge. The foregoing definition of "qualified persons" is without prejudice to a redefinition of such term at an appropriate future time so as to include additional categories of persons.

4. Any information, whether oral or written, designated confidential may be disclosed only to qualified persons who, prior to such disclosure, shall have read this Stipulation and signed their individual names to a copy of Exhibit A attached hereto, except that (i) counsel for the Plaintiff may sign this Stipulation on behalf of the Plaintiff and those qualified persons who are members of or employed by their firm and (ii) confidential information may be disclosed to those qualified persons described in paragraph 3(d) immediately upon execution of this Stipulation without further action on their part. By signing Exhibit A, each qualified person agrees that he or she shall be bound by the terms of this Stipulation. All endorsed copies of Exhibit A shall be retained by the parties' counsel that requested the qualified person's endorsement.

5. Each qualified person shall maintain all confidential information disclosed to him or her in confidence, shall not reveal the same to anyone other than another qualified person, and shall not use the confidential information except in connection with the preparation for trial (including, for example, any and all motions, discovery requests and depositions, as well as all papers submitted to the Court) or trial of this action; except that nothing shall prevent disclosure beyond the terms of this Stipulation prior to trial if the Defendants consent in writing to such disclosure, or if the party seeking such disclosure receives the approval of the Court.

6. Prior to any disclosure of confidential information to a qualified person within the category described in paragraph 3(b), counsel for the Plaintiff shall orally notify counsel for the Defendants as to the identity of such qualified person, and promptly thereafter shall provide counsel for the Defendants with a copy of Exhibit A as executed by such qualified person except as otherwise provided.

7.     Nothing herein shall limit any party's ability to introduce into evidence, quote from, or describe confidential information in any proceeding conducted in or by the Court or in any pleadings, motions, or other papers filed with the Court. However, any party may apply to the Court for an order setting forth procedures, like these or otherwise, to protect confidential information.

8.     In the event that Plaintiff objects to the designation of certain information as confidential, counsel for the parties shall attempt to resolve such dispute in good faith on an informal basis. If no resolution is reached, the Plaintiff may ask the Court to resolve the dispute. Pending resolution by the Court, the documents or information subject to the dispute shall be treated as confidential under the terms of this Stipulation.

9.     The disclosure by Defendants of a document or information to a qualified person without designating it as confidential information shall not constitute a waiver of Defendants' right to designate such document or information as confidential information and, if so designated, the document or information shall thereafter be treated as confidential information subject to all the terms of this Stipulation.

10.    Nothing in this Stipulation shall prejudice any party from seeking any modification of this Stipulation. Further, in the event of a trial of this action, the parties agree that if a party deems it necessary to seek additional safeguards concerning the introduction at trial of documents designated as confidential, the parties shall confer concerning such additional safeguards and, if an agreement is reached, jointly modify this Stipulation to include the agreed upon additional safeguards. In the event the parties cannot agree upon such additional safeguards, the party seeking the additional safeguards shall make an application to the Court for an order approving such additional safeguards.

11. At the conclusion of this action, Plaintiff shall return to Defendants all documentary material embodying information designated by that Defendants as confidential, including all copies of or excerpts from summaries of such documentary material that may have been made. Receipt of such documentary material shall be acknowledged by the recipient in writing.

12. This Stipulation shall be binding on all qualified persons (other than those described in paragraph 3(d)) and all other persons having knowledge of its terms. It is enforceable by any remedy deemed appropriate by the Court.

13. The terms of this Stipulation shall survive and remain in full force and effect after the termination of this lawsuit.

Dated: New York, New York
January 10, 2011

EDWARDS, ANGELL, PALMER & DODGE LLP

By: _____
Rory J. McEvoy
Julie L. Sauer
750 Lexington Avenue
New York, New York 10022
212.308.4411
*Attorneys for Defendants*

SACK & SACK, ESQS.

By: _____
Eric R. Stern
110 East 59th Street, 19th Floor
New York, New York 10022
212.702.9000
*Attorney for Plaintiff*

So Ordered:

_____
U.S.D.J.

Notwithstanding anything to the contrary herein:

1. Any document filed under seal in this action shall be made part of the public record on or after 1/13/16 unless the Court otherwise orders.

2. Any person may apply to the Court for access to any papers filed under seal pursuant to this order. Should such an application be made, the person or persons who designated the sealed material as Confidential shall have the burden of establishing good cause for the continuation of the sealing and/or unless the Court previously made an independent determination of the existence of good cause for sealing.

Dated: 1/13/11

Lewis A. Kaplan
United States District Judge

## EXHIBIT "A"

### AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation, dated January 10, 2011, in the action entitled <u>Phyllis Dembo v. Mount Sinai Hospital, et al.</u>, 10 Civ. 2716 (LAK) (THK), understands the terms thereof and agrees to be bound by those terms as if a signatory thereto. The undersigned hereby consents to the jurisdiction of the United States District Court, Southern District of New York with respect to any controversy arising out of an alleged violation of the Stipulation.

_____        _____
Date                                              Signature

                                                 _____
                                                 Name Printed

                                                 _____
                                                 _____
                                                 Business Address
                                                 (including Name of Employer, if any)